Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Andrew McTernan - State Bar No. 310545
  amcternan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant University of
Southern California

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELIZABETH ALVARADO, JOSE RAMOS, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, and DOES 1 through 10,<br><br>       Defendants. | CASE NO. 2:17-CV-03671 GW(AJWx)<br><br>CLASS ACTION<br><br>**DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date: September 7, 2017<br>Time: 8:30 a.m.<br>Ctrm: 9D<br><br>Judge George H. Wu |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

Please take notice that on September 7, 2017 at 8:30 a.m. in Courtroom 9D of the above-captioned Court, located at 350 West 1st Street, Los Angeles, California 90012, defendant University of Southern California will, and hereby does, move to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to the Federal Rule of Civil Procedure Rule 12(b)(6).  This motion is based

3400373.1

1  upon this Notice of Motion, the attached Memorandum of Points and Authorities,

2  the entire record herein, and such further briefing and argument as the Court may

3  hear.

4        This motion is made following a conference of counsel in compliance with

5  Local Rule 7-3, that occurred on June 12, 2017, where the parties were not able to

6  agree on a resolution of the matters raised in this motion.

7

8  DATED:  June 22, 2017        Ekwan E. Rhow
                            Andrew McTernan

9                              Bird, Marella, Boxer, Wolpert, Nessim,
                            Drooks, Lincenberg & Rhow, P.C.

10

11

12                        By:      /s/ Ekwan E. Rhow

13                              Ekwan E. Rhow

14                              Attorneys for Defendant University of
                            Southern California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3400373.1

NOTICE OF MOTION AND MOTION TO DISMIS

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. INTRODUCTION ...................................................................................... 1

II. SUMMARY OF FACTS ALLEGED IN THE COMPLAINT ............................. 2

III. ARGUMENT ........................................................................................ 3

     A.    The Complaint Fails to Plead a Claim for Relief Under FACTA. ......... 3

          1.    Plaintiffs have no statutory standing because they have not alleged any actual harm. .............................................. 3

          2.    The Complaint fails to allege a willful violation of FACTA. ................................................................... 8

IV. CONCLUSION .................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................... 3, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................... 3, 11

*City of Los Angeles v. Wells Fargo & Co.*,
22 F. Supp. 3d 1047 (C.D. Cal. 2014) ............................................................ 3

*Cruper-Weinmann v. Paris Baguette Am., Inc.*,
No. 13 CIV 7013 (JSR), 2017 WL 398657 (S.D.N.Y. Jan. 30, 2017) ................. 6

*Fullwood v. Wolfgang's Steakhouse, Inc.*,
No. 13 CIV 7174 (KPF), 2017 WL 377931 (S.D.N.Y. Jan. 26, 2017) ................................................................................................... 6

*Gardner v. Appleton Baseball Club, Inc.*,
No. 09-C-705, 2010 WL 1368663 (E.D. Wis. Mar. 31, 2010) ................. 9, 10, 11

*Hendrick v. Aramark Corp.*,
No. CV 16-4069, 2017 WL 1397241 (E.D. Pa. Apr. 18, 2017) ............................ 5

*Huggins v. SpaClinic, LLC*,
No. 09C2677, 2010 WL 963924 (N.D. Ill. Mar. 11, 2010) .................................. 9

*Kamal v. J. Crew Group, Inc.*,
No. 2:15-0190, 2016 WL 6133827 (D.N.J. Oct. 20, 2016) ............................... 6, 7

*Katz v. Donna Karan Int'l, Inc.*,
No. 14 CIV 740 (PAC), 2017 WL 2191605 (S.D.N.Y. May 17, 2017) ................................................................................................... 5

*Komorowski v. All-Am. Indoor Sports, Inc.*,
No. 13-2177-SAC, 2013 WL 4766800 (D. Kan. Sept. 4, 2013) ........................... 8

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
134 S. Ct. 1377 (2014) ................................................................................. 4

*Llewellyn v. AZ Compassionate Care Inc.*,
    No. CV-16-04181-PHX-DGC, 2017 WL 1437632 (D. Ariz. Apr. 24,
    2017) .......................................................................................................... 5

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ................................................................... 3

*Meyers v. Nicolet Rest. of De Pere, LLC*,
    843 F.3d 724 (7th Cir. 2016) ................................................................. 5, 6

*Noble v. Nevada Checker CAB Corp.*,
    No. 2:15-cv-02322, 2016 WL 4432685 (D. Nev. Aug. 19, 2016) ................... 6, 7

*Paci v. Costco Wholesale Corp.*,
    No. 16-CV-0094, 2017 WL 1196918 (N.D. Ill. Mar. 30, 2017) ........................... 5

*Rosenthal v. Longchamp Coral Gables LLC*,
    603 F. Supp. 2d 1359 (S.D. Fla. 2009) ................................................. 9

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007) ................................................................................. 8

*Seo v. CC CJV Am. Holdings, Inc.*,
    No. CV 11-05031 DDP ........................................................................... 9

*Stelmachers v. Verifone Sys.*,
    No. 14-04912, 2016 WL 6835084 (N.D. Cal. Nov. 21, 2016) ........................... 5, 7

*Thompson v. Rally House of Kansas City, Inc.*,
    No. 15-00886-CV-W-GAF, 2016 WL 8136658 (W.D. Mo. Oct. 6,
    2016) .......................................................................................................... 6

*Weinstein v. Intermountain Healthcare, Inc.*,
    No. 2:16-CV-00280-DN, 2017 WL 1233829 (D. Utah Apr. 3, 2017) .................. 5

*Zahn v. Tuttle, Inc.*,
    No. CIV. 10-2191 ................................................................................. 10

**Statutes**

15 U.S.C. §§ 1681 *et seq.* ................................................................... 4

15 U.S.C. § 1681n(a) ....................................................................... 2, 8

Pub. L. No. 110-241 ........................................................................... 4

Pub. L. No. 110-241 §2(b) ............................................................................ 1

Federal Rule of Civil Procedure 12(b)(6) .................................................... 3

# I.

## INTRODUCTION

Plaintiffs' Complaint offers only boilerplate allegations asserting violations of the Fair and Accurate Credit Transactions Act ("FACTA").  Like many cut-and-paste FACTA complaints, these allegations fail to establish that Plaintiffs suffered actual harm or that a willful violation of FACTA was committed.  Thus, Plaintiffs' single claim is properly dismissed.

Under the doctrine of statutory standing, courts typically examine whether a plaintiff's claims fall within the zone of interests protected by the particular statute invoked.  This analysis often requires examining the purpose of the underlying statute, including Congress' articulated intent in creating a statutory cause of action.  Following FACTA's enactment, and in reaction to a deluge of litigation caused by the statute, Congress clarified by further legislative action that FACTA was meant to "ensure that consumers suffering from any *actual harm* to their credit or identity [we]re protected," and to limit "abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers."  *See* Pub. L. No. 110-241 §2(b)(emphasis added).  Numerous courts have since explored the requirement of "actual harm" within the context of FACTA and have held that plaintiffs must allege more than mere statutory violations under the act to establish such harm.

In the present case, Plaintiffs have not come close to alleging any requisite, actual harm.  Plaintiffs allege that they transacted businesses at one of USC's retail establishments and that they received a receipt containing more than the last five digits of their credit or debit card number in violation of FACTA.  Plaintiffs do not allege that their information was somehow then compromised or obtained, or that anyone stole their identity, much less viewed the allegedly improper receipts.  Put simply, Plaintiffs do not allege any sort of actual harm, and they offer exactly the type of boilerplate pleading which Congress sought to prevent. Thus, Plaintiffs'

3400373.1

1   claim should be dismissed for lack of statutory standing.

2       Furthermore, Plaintiffs' Complaint should also be dismissed because it fails to

3   allege a "willful" violation of FACTA's requirements.  *See* 15 U.S.C. § 1681n(a).

4   What few allegations Plaintiffs provide are so generic that they could apply to

5   nearly any business.  Plaintiffs also do not establish any cognizable reason for such

6   a willful violation, and allege a scenario where it is equally, if not more likely, that

7   USC could have acted with intent that was less than willful.  This kind of vague,

8   conclusory pleading is insufficient to support Plaintiffs' claim, and thus, the

9   Complaint should be dismissed.

10                                      **II.**

11                **SUMMARY OF FACTS ALLEGED IN THE COMPLAINT**

12      In 2003, Congress passed FACTA to assist in the prevention of identity theft

13   and credit and debit card fraud.  (Compl. ¶ 2.)  FACTA provides that "[n]o person

14   that accepts credit cards or debit cards for the transaction of business shall print

15   more than the last five digits of the card number or the expiration date upon any

16   receipt provided to the cardholder at the point of sale or transaction."  (*Id.* ¶ 4

17   (quoting 15 U.S.C. § 1681c(g)).)

18      According to the Complaint, USC operates one or more retail establishments

19   in California. (*Id.* ¶¶ 11-14.)  Plaintiffs bring this action alleging that USC's retail

20   establishments violated FACTA by issuing to Plaintiffs receipts on which USC

21   printed more than the last five digits of Plaintiffs' credit or debit cards.  (*Id.* ¶ 30.)

22   Plaintiffs also seek to represent a class of individuals to whom USC allegedly issued

23   receipts that violated FACTA.  (*Id.* ¶¶ 15-22.)

24      Plaintiffs assert that USC violated FACTA by "printing more [than] the last

25   five digits of credit and/or debit cards on the receipts provided to Class members,"

26   and do not allege resulting harms, such as identity theft, suffered by Plaintiffs.  (*Id.* ¶

27   34.)

28      The Complaint also alleges that USC acted willfully in violation of the statute

1   and that it "knew of or should have known of, and were informed about" FACTA.

2   (*Id.* ¶ 32.)  The Complaint bases this conclusory allegation in part on the fact that

3   that "many companies such as VISA and MasterCard" employ policies requiring

4   USC to comply with FACTA.  (*Id.* ¶ 33.)

## III.

## ARGUMENT

**A.    The Complaint Fails to Plead a Claim for Relief Under FACTA.**

8          Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be

9   dismissed when a plaintiff's allegations fail to set forth facts that establish the

10   elements of a claim that are "plausible on [their] face."  *Ashcroft v. Iqbal*, 556 U.S.

11   662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

12   The plaintiff must provide "more than labels and conclusions, and a formulaic

13   recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

14   555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a court may

15   accept well-pleaded factual allegations as true, a court should not accept legal

16   conclusions couched as factual allegations or "[t]hreadbare recitals of a cause of

17   action's elements, supported by mere conclusory statements." *Iqbal,* 556 U.S. at

18   678 (citing *Twombly,* 550 U.S. at 555).

19          Furthermore, under the doctrine of statutory standing, courts must examine

20   whether Congress intended to allow the plaintiff to recover for its alleged harm

21   under the statute at issue.  *See City of Los Angeles v. Wells Fargo & Co.,* 22 F.

22   Supp. 3d 1047, 1056 (C.D. Cal. 2014).  If a plaintiff lacks such requisite statutory

23   standing, the plaintiff's claims must be dismissed as a failure to state a claim under

24   Federal Rule of Civil Procedure 12(b)(6).  *Maya v. Centex Corp.*, 658 F.3d 1060,

25   1067 (9th Cir. 2011).

**1.    Plaintiffs have no statutory standing because they have not alleged**
**any actual harm.**

28          Plaintiffs in the present case have no statutory standing to bring a claim under

1  FACTA because Congress has clearly articulated that FACTA was designed to

2  address *actual harm* caused by identity theft, and no such harm is adequately alleged

3  here.

4         In explaining the doctrine of statutory standing, the Supreme Court has

5  previously held that a statutory cause of action extends only to plaintiffs who "fall

6  within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v.*

7  *Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014) (citation omitted).

8  This requirement applies to *all* statutorily created causes of action, and Congress is

9  presumed to "legislate against the background of the zone-of-interests requirement."

10  *Id.* (citing *Bennett v. Spear,* 520 U.S. 154, 163 (1997) (internal quotations omitted)).

11  Furthermore, determining whether a plaintiff meets the zone-of-interests test

12  involves examination of Congress' intent in creating the cause of action. *See id.*

13  (observing that identifying the interests protected by the Lanham Act "requires no

14  guesswork" since the "statute's purposes" were articulated by Congress).

15         In the present case, Congress has already defined the zone of interests

16  protected by FACTA and has made clear that the statute was designed to shield

17  individuals from actual—not hypothetical or conjectural—harm caused by identity

18  theft.  Congress enacted FACTA in 2003 as an amendment to the Fair Credit and

19  Reporting Act ("FCRA").  *See* 15 U.S.C. §§ 1681 *et seq.  See* Pub. L. No. 110-241

20  (describing the purpose of FACTA as "prevent[ing] criminals from obtaining access

21  to consumers' private financial and credit information").  Following FACTA,

22  however, many businesses were faced with an onslaught of lawsuits containing

23  boilerplate claims that these businesses violated FACTA's statutory requirements.

24  The issue grew to such an extent that Congress was compelled to clarify in a later

25  legislative act that FACTA was meant to "ensure that consumers suffering from any

26  *actual harm* to their credit or identity [we]re protected," and to limit "abusive

27  lawsuits that do not protect consumers but only result in increased cost to business

28  and potentially increased prices to consumers." *See id.* at §2(b)(emphasis added);

1   *see also, Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 728 (7th Cir. 2016)

2   (recognizing that Congress "sought to limit FACTA lawsuits to consumers

3   'suffering from any actual harm'" because it was "quite concerned with the abuse of

4   FACTA lawsuits").

5          The concept of "actual harm" under FACTA, and as clarified by Congress,

6   has since been explored by numerous courts.  Within the analogous context of

7   constitutional standing, for example, courts have held that mere violations of

8   FACTA detached from any further allegations of injury, fail to establish actual

9   harm.  *See Stelmachers v. Verifone Sys.*, No. 14-04912, 2016 WL 6835084 at *4

10  (N.D. Cal. Nov. 21, 2016) (granting motion to dismiss for lack of standing and

11  finding that receipt with more than last five digits of credit card number was a "bare

12  procedural violation" and "unless a litany of speculative events [came] about" the

13  risk of identity theft was "too attenuated to constitute a qualifying injury"); *see also,*

14  *Katz v. Donna Karan Int'l, Inc.*, No. 14 CIV. 740 (PAC), 2017 WL 2191605, at *4

15  (S.D.N.Y. May 17, 2017) (granting motion to dismiss for lack of standing and

16  finding that "Defendants' issuance of two . . . receipts—without any allegations of

17  stolen identity or that a third party had access to the receipts—does not cause

18  Plaintiff any actual harm").[1]  A common thread running through these cases where

19

20  [1]  *See also*, *Llewellyn v. AZ Compassionate Care Inc.*, No. CV-16-04181-PHX-
    DGC, 2017 WL 1437632, at *5-6 (D. Ariz. Apr. 24, 2017) (granting motion to
21  dismiss and noting that plaintiff did not allege "that any third party ever had access
22  to the receipt, or any steps he took to secure his credit card information as a result"
    and thus did not satisfy his burden of alleging actual harm); *Hendrick v. Aramark*
23  *Corp.*, No. CV 16-4069, 2017 WL 1397241, at *5 (E.D. Pa. Apr. 18, 2017)
24  (granting motion to dismiss and finding no injury where complaint did not allege
    anyone "saw or possessed the receipt" or "could obtain the remaining digits or the
25  expiration date of his credit card that were not printed on the receipt"); *Weinstein v.*
26  *Intermountain Healthcare, Inc.,* No. 2:16-CV-00280-DN, 2017 WL 1233829, at *4
    (D. Utah Apr. 3, 2017) (granting motion to dismiss for lack of standing and noting
27  that plaintiff did not allege "identity theft or credit card fraud" and thus suffered no
28  harm); *Paci v. Costco Wholesale Corp.*, No. 16-CV-0094, 2017 WL 1196918, at *3

courts have found no actual harm is that plaintiffs alleged only that they received receipts which purportedly violated FACTA, without further alleging any *actual* incidents of identity theft. *See, e.g., Meyers*, 843 F.3d at 729 (finding that plaintiff's allegations "demonstrate that [plaintiff] did not suffer any harm" in particular because the plaintiff "discovered the violation immediately and nobody else ever saw the non-compliant receipt").

As with these FACTA cases, Plaintiffs in the present case have alleged only that USC "provided Plaintiffs with one or more electronically printed receipts on each of which [USC] printed more than the last five digits of Plaintiffs' credit or debit cards." (Compl. ¶ 30.) Plaintiffs do not allege that they were the victims of identity theft. They do not allege that their card information was otherwise compromised or obtained by third parties. They do not allege that they undertook any measures or other costs to protect their identity following such transactions. Put simply, they allege no actual harm.

Even where other plaintiffs have gone further and offered allegations of

---

(N.D. Ill. Mar. 30, 2017) (granting motion to dismiss and observing no harm suffered where the plaintiff "immediately discovered that her receipt displayed more than it should have and she retained the receipt at all times"); *Cruper-Weinmann v. Paris Baguette Am., Inc.*, No. 13 CIV. 7013 (JSR), 2017 WL 398657, at *5 (S.D.N.Y. Jan. 30, 2017); *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 CIV. 7174 (KPF), 2017 WL 377931, at *6 (S.D.N.Y. Jan. 26, 2017) (plaintiff's conclusory allegations that they were "damaged" due to FACTA violations were insufficient to allege harm); *Kamal v. J. Crew Group, Inc.*, No. 2:15-0190, 2016 WL 6133827 at *3-4 (D.N.J. Oct. 20, 2016) (granting motion to dismiss and noting that receipt with more than last five digits of credit number did not establish harm and the record did not "indicate that anyone will *actually* obtain one of Plaintiff's discarded [] receipts")(quotations and citations omitted); *Thompson v. Rally House of Kansas City, Inc.*, No. 15-00886-CV-W-GAF, 2016 WL 8136658, at *5 (W.D. Mo. Oct. 6, 2016) (granting motion to dismiss for lack of standing because there was no "real risk of harm" and the receipt with more than five digits of a credit card number had "only been in Plaintiff's possession since receiving it from Defendants"); *Noble v. Nevada Checker CAB Corp.*, No. 2:15-cv-02322, 2016 WL 4432685 at *3 (D. Nev. Aug. 19, 2016).

1  *potential* identity theft, such as possible improper acquisition of such receipts by

2  "carders" or "dumpster divers," courts have *still* found these allegations too

3  attenuated to constitute actual harm.  *See Kamal,* 2016 WL 6133827, at *3 (finding

4  allegations of identity theft by "less sophisticated identity thieves" "more attenuated

5  than the allegations in [cases] in which courts have found no standing");

6  *Stelmachers*, 2016 WL 6835084, at *4 (noting that the possibility of "low tech"

7  identity theft alleged by plaintiff was "too attenuated" to demonstrate standing).

8      Plaintiffs here do not even go so far as to allege any such specific increased

9  risk of identity theft, as in the above, dismissed actions.  For example, Plaintiffs do

10  not allege that the card digits printed on their receipts were key, unique identifiers

11  that would increase the risk of identity theft.[2]  They do not allege that their receipts

12  were ever stolen, misplaced, or compromised.  Nor do they allege that any third

13  party had ever seen or misused a receipt generated by USC.  In fact, Plaintiffs allege

14  that they themselves received and took possession of the alleged receipts at the time

15  of sale, (Compl. ¶ 13.), and, at best, provide only conclusory statements that they

16  were exposed "to an increased risk of identity theft and credit and/or debit card

17  fraud."  (Compl. ¶¶ 4, 35.)  In other words, Plaintiffs have provided far less than

18  plaintiffs in other FACTA cases where courts found no cognizable injury.

19      Plaintiffs have consequently failed to demonstrate any actual harm suffered as

20  a result of the alleged violations of FACTA, a requirement which Congress clearly

21  recognized in articulating FACTA's purpose.  Thus, the Complaint is properly

22  dismissed for lack of statutory standing.

23

24

---

25  [2]   As discussed by the District Court in the District of Nevada, the digits printed on
     a receipt may or may not increase the risk of identity theft, depending on which
26  digits were revealed.  For example the first few digits are associated with the card
     issuer, rather than the individual account.  *See Noble*, 2016 WL 4432685, at *2-3
27  (quoting *In re Toys "R" Us FACTA Litig.,* Nos. MDL 08-01980, CV 06-08163, CV
     08-06645, 2010 WL 5071073, at *11 (C.D. Cal. Aug. 17, 2010)).
28

## 2.    The Complaint fails to allege a willful violation of FACTA.

In addition to the statutory standing issues identified above, Plaintiffs' Complaint should also be dismissed for its failure to allege a willful violation of FACTA.  In order to recover the statutory damages, punitive damages, costs, and attorneys' fees for violations of FACTA as demanded in the Complaint, a plaintiff must adequately allege facts establishing a "willful" violation of the statute.  15 U.S.C. § 1681n(a).  The Supreme Court has held that willfulness under 15 U.S.C. § 1681n(a) encompasses both knowing and reckless conduct.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).  The Court in *Safeco* applied the common law understanding of recklessness, holding that the conduct entail "an unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Id.* at 68 (citation omitted).  Thus, to plead a claim for willful violation of FACTA, a plaintiff must, pursuant to *Safeco* and *Iqbal*, plead facts that would allow a court to draw a reasonable inference that USC knowingly or recklessly printed more than the last five digits of credit card numbers on receipts.  The Complaint does not allege such facts.

Plaintiffs' assertions of willfulness boil down to two vague allegations: (1) that USC violated FACTA despite the fact that it "knew of, or should have known of, and [was] informed about the law, including specifically FACTA's requirements," and (2) that "many companies such as VISA and MasterCard" implemented policies that made USC aware of FACTA's requirements.  (Compl. ¶¶ 32-34.)

The first statement, that USC knew or should have known of FACTA, is nothing more than a conclusory restatement of willfulness with no plausible factual basis.  *Iqbal,* 556 U.S. at 678.  Simple allegations of a general awareness of FACTA's requirements, without further, specific factual allegations, are insufficient to establish willful violations of FACTA.  *See Komorowski v. All-Am. Indoor Sports, Inc.*, No. 13-2177-SAC, 2013 WL 4766800, at *3 (D. Kan. Sept. 4, 2013)

("Merely alleging that a defendant should be aware of a statute and fails to comply with it, as Plaintiffs have done here, is insufficient to state a claim for willfulness."); *Seo v. CC CJV Am. Holdings, Inc.*, No. CV 11-05031 DDP MRWX, 2011 WL 4946507, at *2 (C.D. Cal. Oct. 18, 2011) (granting motion to dismiss and finding that plaintiff's assertion that defendant was "repeatedly informed" of FACTA's requirements and willfully ignored those requirements were simple "conclusory assertions" and unsupported by plausible facts); *Gardner v. Appleton Baseball Club, Inc.*, No. 09-C-705, 2010 WL 1368663, at *5 (E.D. Wis. Mar. 31, 2010) (granting motion to dismiss in FACTA case and observing that the mere allegation of the "existence of the law and/or guidance on the law" without more, is not enough "to create an inference that the law was knowingly disregarded").

Plaintiffs' second statement, that companies such as VISA and MasterCard notified customers, including USC, of FACTA's requirement is more specific than the bald assertion of USC's knowledge of the law, but again lacks requisite detail creating a plausible inference that a willful violation occurred.  Mere allegations that credit card companies made a defendant aware of the law and required compliance with such laws in, for example, written credit card agreements, are too generic to support a finding of willfulness.  *Huggins v. SpaClinic, LLC*, No. 09C2677, 2010 WL 963924, at *2 (N.D. Ill. Mar. 11, 2010) (granting motion to dismiss and finding that "credit card companies required compliance with the statute" did not establish willful violation); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1362 (S.D. Fla. 2009) (finding that plaintiff's allegations that FACTA requirements were "contained in Defendant's credit card agreements" was still insufficient to show that defendant acted "more than neligen[tly]").

The allegations in such cases, including the allegations in the present case, fail to establish willfulness because they are not specific to the actual defendant and could describe any number of companies who potentially violate the requirements of FACTA.  As the court in *Gardner* explained in granting a motion to dismiss for

failure to allege a willful violation:

> "These same facts could be alleged against *any alleged FACTA violator*, and as such they are essentially *boilerplate*. . . . No doubt Plaintiff's counsel could open the complaint in his word processor, delete the [defendant], and substitute *any other defendant* in its place without disturbing much of the rest of the complaint at all. *Twombly* and *Iqbal* teach that such cut-and-paste jobs are not a substitute for real facts that plausibly 'show,' under Rule 8, that the Plaintiff is entitled to relief. In other words, because there is nothing in the complaint to distinguish the willfulness of this Defendant from any other imaginable defendant, the complaint fails to satisfy Rule 8."

*Gardner*, 2010 WL 1368663, at *6 (emphasis added).

As in *Gardner*, Plaintiffs' allegations in the present case, that VISA, MasterCard, and other unspecified companies, implemented policies that would have made USC aware of FACTA is in no way specific to USC. *Cf. Zahn v. Tuttle, Inc.*, No. CIV. 10-2191 DWF/JJK, 2011 WL 1741912 (D.Minn. May 4, 2011) (denying motion to dismiss where the plaintiff alleged the defendant received specific information regarding FACTA, employed a third party FACTA compliance manager, then canceled its contract with the compliance manager when informed that equipment changes would be necessary to ensure compliance with FACTA). Here, USC could be switched out for *almost any other place of business* utilizing VISA, MasterCard, and their competitors (which would be many, if not nearly all, businesses allowing credit and debit card transactions).

In practice, Plaintiffs are essentially proposing that any business that violates FACTA and that uses VISA, MasterCard, or similar, commonly-used companies, would automatically have violated the statute willfully given these alleged companies' policies. This is not the law and would be such a low bar for "willfulness" that it would render the requirement meaningless.

Moreover, Plaintiffs' allegations further fail to provide a plausible basis for believing that such alleged violations were *actually willful*, as opposed to unintentional.  For example, based on the facts as Plaintiffs have alleged them, it is equally plausible, that the alleged FACTA violations, if they occurred, could have been committed as the result of mistake, if even that.  *See Gardner*, 2010 WL 1368663, at *6 ("[T]he bald inferences Plaintiff relies upon are not particularly persuasive . . . It is just as reasonable to infer that a company could print an expiration date on a credit card receipt negligently rather than willfully.  Indeed, it is far more likely that the violation was merely negligent, if even that.")  Without more information and additional well-pleaded facts, the Complaint offers no recognizable reason for USC to have willfully violated the statute.  *Id.* (noting that relevant allegations regarding reasons for willful violation could include whether "the [defendant was] trying to save money by not complying," whether "compliance require[d] new equipment or expensive training," whether "the owners have a cavalier attitude towards credit card privacy or toward regulatory compliance in general," and concluding that "there is simply no reason to infer willfulness merely because the violation occurred").  Even assuming, *arguendo*, that Plaintiffs' background allegations are true, and certain credit card companies did notify USC of FACTA, it is equally, if not more likely, under these alleged facts that a university, known primarily for its role as an institution of higher learning—and that happens also to operate retail establishments—could have unintentionally implemented these transactions in this manner.

Ultimately, the Complaint makes no effort to explain why these alleged violations were actually willful, other than simply labeling them "willful," and these are exactly the kind of conclusory allegations that warrant dismissal.  *Twombly*, 550 U.S. at 555.

**IV.**

**CONCLUSION**

For the foregoing reasons, USC respectfully urges this Court to grant its motion to dismiss.


DATED: June 22, 2017          Ekwan E. Rhow
                              Andrew McTernan
                              Bird, Marella, Boxer, Wolpert, Nessim,
                              Drooks, Lincenberg & Rhow, P.C.



                              By:      /s/ Ekwan E. Rhow
                                    _____
                                       Ekwan E. Rhow
                                    Attorneys for Defendant University of
                                    Southern California